■ EVELYN M. K. TICE, as Executrix of EDWIN P. KUHN, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 37990.) — Order insofar as appealed from unanimously modified in accordance with memorandum and, as modified, affirmed, with costs to claimant. Memorandum: We have heretofore decided in this action that claimant was entitled to examine a former employee of the State upon a proper showing of necessity and materiality therefor (21 A D 2d 974). Such has been supplied upon the renewal of the motion but the court limited such examination to the last major construction or reconstruction of the highway. The State submitted no affidavits in opposition and has furnished no information as to the date of such major construction or reconstruction. This minimal information might have avoided needless litigation and at least clarified this appeal. The order should be modified to give claimant the right to reapply for a further examination if sufficient facts are not disclosed upon the examination as presently authorized. The order should be further modified to provide that the State shall produce all accident reports and memoranda on file for five years prior to July 9, 1958 or since the last

major construction or reconstruction of the highway, whichever is the longer period. (Appeal from certain parts of order of the Court of Claims, granting plaintiff's motion in part to take the deposition of a former resident district engineer, Department of Public Works for Chautauqua County.) Present — Williams, P. J., Bastow, Goldman and Del Vecchio, JJ.